# *Ex parte* Branch.

## *Application for Mandamus.*

1. *Personal attendance of witness after deposition taken; when not required.*—Where the deposition of a woman, who is a witness in a cause, but who resides outside of the county in which the cause is pending, is taken under section 2801 of the Code, the personal attendance of said witness, upon the trial of the cause, can not be required by affidavit made under section 2793, that her personal attendance is necessary for the proper decision of the cause; since the personal attend-

ance of a witness whose deposition is taken under section 2801 can be required only when said witness resides in the county in which the cause is pending, on application supported by affidavit, as required by section 2813 of the Code.

2. *Mandamus; when not awarded to review action of trial court.*—An order of a trial court directing the issuance of an attachment against a witness for a supposed disobedience of lawful process, is not reviewable by *mandamus* to compel the vacation of the attachment.

Mary E. Branch filed her petition in this court, in which it was averred that there was pending in the circuit court of Pike county, a statutory action of ejectment by Jane Branch against G. Hendricks ; that before any order was taken in said cause, to-wit, on March 14, 1893, the plaintiff in that suit made an affidavit under section 2802 of the Code, for the purpose of having the deposition of Mary E. Branch, the petitioner, taken. That under section 2803 of the Code, interrogatories were filed to petitioner by plaintiff, and after having notice of the filing of said interrogatories, the defendant failed to file cross-interrogatories ; that thereupon a commission issued and the deposition of the petitioner was duly taken, returned and filed in the circuit court of Pike county ; that after the interrogatories were filed and notice to the defendant was given, but before cross-interrogatories had been filed, and before the deposition of the petitioner was actually taken, an affidavit was made by defendant under section 2793 of the Code, in which it was alleged that the personal attendance of the petitioner was necessary for the proper decision of the cause; and that the clerk of the circuit court thereupon issued a subpœna for the petitioner to appear and give evidence for the defendant. The petitioner then averred in her petition that she was physically unable to attend the ensuing term of the court, and the defendant moved the court for a continuance, which motion was granted, and an attachment was ordered issued for the petitioner ; that said attachment was issued, but never served upon the petitioner. That at the ensuing term of the court, the petitioner being an invalid, and being, therefore, unable to attend the court as a witness, the defendant moved the court to continue the cause again, on account of her absence, which motion was granted, and an *alias* attachment ordered to be issued

[*Ex parte* Branch.]

for the petitioner. The petitioner averred that she was not a resident of Pike county, Alabama; had not been since the institution of the suit in which she was summoned as a witness; that there had never been any notice or showing brought to the knowledge of the said court that the petitioner resided in Pike county; and petitioner averred and charged on information and belief, that the court at the time of entering the above order had notice that the petitioner resided in Jefferson county, Alabama.

The prayer of the petition is that "a rule *nisi* issue to the Honorable John R. Tyson, judge of the circuit court of Pike county, Alabama, commanding him to appear and show cause why a peremptory *mandamus* should not issue to him commanding him to set aside and vacate said last named order, in so far as it orders an *alias* writ of attachment for petitioner, and also said former order herein set out, in·so far as it orders an attachment for petitioner."

R. L. HARMON and A. B. FOSTER, for petitioner.

M. N. CARLISLE, *contra.*

HARALSON, J.—The contention of counsel for the judge is, that the witness in a cause, whose deposition is allowed to be taken under section 2801 of the Code, is not exempt from personal attendance under section 2793.

The two sections must be construed *in pari materia*, so as to give a field of operation to both, if possible. Under the section 2793 alone, no witness would be exempt from attending court, who resides within 100 miles of the court house, and all would be excused, who reside over that distance. Except as modified by section 2801, and the sections following, all witnesses would be included in and none exempt from the provisions of section 2793. Every witness within 100 miles, could be compelled, and those over 100, could not be required to attend.

It was manifest, that the party's opinion of the necessity of the personal attendance of the witness, without reference to other considerations, which might be just as important as his conveniences and supposed interests,

should not be the unbending rule for the personal attendance of all witnesses residing in the State. It was, therefore, well provided in section 2801, that where the witness was a woman, or unable to attend court from age, infirmity or sickness, or fell within any of the designated classes mentioned in said section—without reference to the distance he or she lived from the court house—the evidence of the witness in civil cases may be taken by deposition in the manner prescribed by the succeeding sections, and that depositions thus taken, may be read in evidence, so far as they may be pertinent and legal. But, with these two sections— 2793 and 2801—without other provision to prevent, the personal attendance of witnesses whose depositions were allowed to be taken, could be enforced by making the affidavit prescribed to compel the attendance of such witnesses; and in the interest of justice and often of mercy, section 2813 of the Code was added, in the year 1857. This section provides that when the deposition of any witness, *residing in the county in which the cause is pending*, shall have been taken under the provisions of sections 2801 *et seq.*, the court, or, in vacation, the clerk, on the application of either party, supported by the affidavit of the party, his agent or attorney, that he believes the personal attendance of the witness on the trial is necessary, may make an order requiring such witness to attend the trial of such cause in person. This was a proper and wholesome modification of section 2793, on the power of a party to require at his pleasure the attendance of all witnesses residing in the State. When, therefore, the deposition of a witness is taken under section 2801 of the Code, (as they may be at any time without reference to an affidavit under section 2793, whether made before or after the taking of such deposition) he is excused from personal attendance in the case, and can not be compelled to attend, unless the witness resides in the county in which the cause, in which his evidence is required, is pending, in which instance, on the application of either party, supported by the affidavit required by section 2813, the court, or, in vacation, the clerk, may make an order requiring such witness to attend the trial of such cause in person.

The petition shows, that after the plaintiff had pro-

[Pheland v. Candee.]

ceeded, under section 2801, to take the deposition of petitioner, who was a female, residing in Jefferson county, the court, on motion of defendant, without the affidavit required by section 2813, and on an affidavit such as is required by section 2793, made an order, that an attachment should issue peremptorily against said witness, for her failure to attend court, which attachment, it is averred, is in the hands of the sheriff to be executed.

This order was without authority. The grounds upon which it was made are not set out in the order itself, which, though not absolutely necessary, is the better practice in all proceedings for a contempt; but, we presume from the facts stated in the petition, and from the order itself, it was issued for a supposed disobedience of the lawful process of the court. Such orders are not reviewable by *mandamus*.

"If the judgment entry showed error on its face, possibly it would furnish ground for a *certiorari;*" or, if the witness had been arrested under an unauthorized order, and imprisoned, it seems, *habeas corpus* is the proper remedy. *Mandamus* is an extraordinary remedy, to be resorted to only where there is no other specific legal remedy.—*Easton v. The State*, 39 Ala. 552; *Ex parte Stickney*, 40 Ala. 169.

Mandamus denied.